# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 13-132-SDD-SCR |
| JOSEPH D. MELANCON | |

## RULING ON MOTIONS[1]

Defendant, Joseph D. Melancon, has been charged by *Indictment*[2] with conspiracy to steal firearms, possession of stolen firearms, and possession of a firearm by a convicted felon. The *Indictment* charges that Melancon conspired with Dustin Ray to steal firearms from the Hunter's Run Gun Club ("Gun Club"), a licensed firearms dealer, in West Baton Rouge Parish. The *Indictment* further alleges that Melancon and Ray stole thirty-four (34) firearms from the Gun Club on or about April 13, 2012.

The United States served "Notice(s) of Intent to Offer Other Crimes Evidence" on February 18th and March 11th of 2014. The Defendant, thereafter, filed *Motions in Limine*.[3]

**Defendant's Motions**

The Government notified Defendant that it intended to offer extrinsic evidence of the following:

---

[1] Rec. Docs. 34, 37 and 44.
[2] Rec. Doc. 1.
[3] Rec. Docs. 34 and 44.

- The Defendant's addiction to "crack" and cocaine as his motive to burglarize the Gun Club;

- The Defendant's prior convictions for burglaries occurring from 1993 – 2012, and admissions allegedly made by the Defendant following some of these burglaries that his drug addiction drove him to burglarize and steal to feed his habit;

- That within 2 hours of the theft of guns from the Gun Club, the Defendant and Dustin Ray sold one of the stolen guns to a convicted felon and used the proceeds to buy "crack" cocaine which they then consumed;

- Evidence that the Defendant gave the ATF investigating officer a misleading cell phone number as evidence of consciousness of guilt;

- Evidence that in 2011 the Defendant was employed by the owner of the Gun Club as part of a prison work release program;

- Evidence that the Defendant, and indicted co-conspirator Dustin Ray, were both in the prison work release program in 2011; and

- Evidence that Melancon and Ray, along with J.S., who allegedly helped find buyers for the stolen guns, used cocaine together as evidence of trust and comfort shared by alleged co-conspirators.

**2007 Convictions and Related Admissions of Drug Addiction**

In pleadings filed, the Government abandoned its intent to use evidence of conduct prior 2007 conceding that it "possesses slight probative worth to establish the defendant's motive to steal firearms in 2012." The Government advised that "[u]pon further consideration, the United States will not offer evidence of defendant's financial

2

need and addiction during those periods of time."[4] The Government agreed to "limit its proof to the two burglaries which occurred in 2007."[5] Accordingly, at issue are a 2007 conviction for burglary in the 15th JDC[6] and a 2007 conviction of forgery and felon in possession of firearms charges in the 19th JDC.[7]

Under Fed.R.Evid. 404(b), prior convictions introduced to prove knowledge or intent are admissible as long as the probative value of the prior convictions exceeds their prejudicial effect.[8] Prior convictions may be considered more probative of intent where little independent evidence exists to otherwise establish intent.[9] Where intent is well-established by independent evidence, prior convictions offered to show intent are considered cumulative evidence and their probative value is diminished accordingly.[10]

In this case, the Government has indicated its intent to offer evidence that, immediately following the theft, the Defendant and his co-conspirator sold one of the guns and used the proceeds to buy "crack" cocaine which they then consumed. The Fifth Circuit holds that "'[o]ther act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged."[11] "Intrinsic evidence is admissible to 'complete the story of the crime by proving the immediate context of events in time and place'[12] and to 'evaluate all of the

---

[4] Rec. Doc. 40, p 7.
[5] Rec. Doc. 40, p 14.
[6] Exhibits 1, 1A and 1B offered at Motion hearing on 4/14/2014.
[7] Exhibits 2 and 2A offered at Motion hearing on 4/14/2014.
[8] See *United States v. Harris*, 932 F.2d 1529, 1534 (5th Cir. 1991) (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc)).
[9] See *Beechum*, 582 F.2d 914.
[10] *Id.*
[11] *U.S. v. Carillo*, 660 F.3d 914, 927 (5th Cir. 2011) (quoting *U.S. v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990).
[12] *Id.*, quoting *U.S. v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).

circumstances under which the defendant acted.'"[13] "Intrinsic evidence does not implicate rule 404(b), and 'consideration of its admissibility pursuant to [that rule] is unnecessary.'"[14]

Under this guidance, the Court concludes that evidence that the Defendant immediately sold one of the stolen firearms for drug money is intrinsic and does not implicate 404(b). The evidence that Melancon used the stolen property in this case to obtain drug money is independent evidence of intent to fund drug seeking behavior. Thus, evidence of prior burglary convictions and alleged prior statements as to the motive for past burglaries (ie. to feed a drug addiction) are cumulative of the direct evidence of the Defendant's intent. The fact that the Defendant almost immediately used a firearm stolen from the Gun Club to get cash to buy and use "crack" is evidence enough of intent. The cumulative nature of evidence of prior burglaries allegedly motivated by drug use poses too great a risk that jurors may be influenced to convict based on a pattern of criminality and, thus, the probative value is outweighed by the prejudicial effect of the evidence.

Defendant's Motion in Limine to exclude prior convictions and statements by Defendant to law enforcement officers within the context of the 2007 investigations, arrests, and convictions will be granted and that evidence is excluded.

**Evidence of Prior Drug Use**

The Government intends to elicit testimony from the Defendant's brother-in-law to show that the Defendant had a long history of drug abuse. At the 404(b) hearing,

---
[13] *Id.*, quoting *U.S. v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989).
[14] *Id.*, quoting *U.S. v. Garcia*, 27 F.3d 1009, 1014 (5th Cir. 1994).

4

Steve Snelling, the Defendant's brother-in-law, testified that the Defendant has had a 20-year history of drug abuse, admittedly with periods of sobriety. Snelling further testified that, as recently as May of 2012, the Defendant exhibited signs of drug use and dependence. Snelling also testified that the Defendant sold a red Yukon that he inherited from his father for $1000 in cash and $1000 in drugs. The Government contends that this evidence is probative of the Defendant's motive and intent.

The Fifth Circuit has held that "extrinsic evidence of prior drug use or possession is relevant to establishing motive where the actions help establish why the Defendant wanted to commit the charged offense."[15] The Fifth Circuit has also relied on the Seventh Circuit's decision in *United States v. Bitterman*, where the court held that evidence of a defendant's prior drug use and heroin addiction was admissible to establish the defendant's motive to commit robbery.[16] In accordance with this guidance, the Court will deny the Defendant's motion to exclude evidence of prior drug use.

**Evidence of Defendant's participation in Work Release**

The *Indictment* charges Possession of Firearms by a Convicted Felon. In light of the Court's *Ruling* excluding evidence of prior convictions, evidence that the Defendant was part of a prison work release program may cause the jury to speculate about the nature of the Defendant's past crimes. However, the Defendant has not indicated an intent to dispute his status as a convicted felon. Additionally, part of the Defendant's

---

[15] *U.S. v. Kinchen*, 729 F.3d 466, 472 (5th Cir. 2013)(citing *United States v. Bitterman*, 320 F.3d 723, 727 (7th Cir. 2003) (holding evidence of defendant's prior drug use and heroin addiction admissible to establish defendant's motive to commit robbery)(emphasis added); *United States v. Weems*, 322 F.3d 18, 25 (1st Cir. 2003) (holding evidence of drug dealing at house where defendant was arrested admissible in felon-in-possession-of-firearm prosecution to establish defendant had motive to carry weapon).
[16] *Bitterman*, 320 F.3d at 727 (emphasis added).

5

desire to offer alternative perpetrator evidence stems from the fact that some of the alleged alternative perpetrators had a relational nexus with Dustin Ray, the indicted co-conspirator, through their participation in a work release program. Hence, the Defendant's participation in a work release program provides context and is probative of the relationship among the alleged perpetrators and the alleged alternative perpetrators. Defendant's *Motion in Limine* (Rec. Doc. 44) on this issue will be denied.

**Evidence of the Defendant's drug use with Co-Conspirators**

The First Superseding Indictment charges that the Defendant and Dustin Ray and "others" knowingly conspired to steal, possess, and sell firearms. The Government proposes to offer evidence that the Defendant and Dustin Ray and others[17] used drugs together and in each other's presence as probative of the mutual trust and comfort which underlies conspiratorial intent or agreement. To prove conspiracy, the government must show: (1) agreement between two or more persons to commit unlawful act; and (2) an overt act by one of the conspirators in furtherance of agreement. 18 U.S.C.A. § 371.

The allegations of conspiracy are:[18]

- That J.S helped the Defendant and Ray find a prospective purchaser for some of the stolen firearms, namely S.G.;

- That on April 14, 2012 the Defendant, Ray, and J.S. traveled to a location near Avery Island and sold some of the firearms; and

---

[17] Identified as J.S., S.G., and David Narcisse, Rec. Doc. 58.
[18] Third Superseding Indictment, Rec. Doc. 58.

6

- That in August of 2012 the Defendant sold one of the stolen firearms to a named convicted felon.

At this stage in the proceedings, the Court is unable to ascertain the relevance of the Defendant's drug use with and around the alleged co-conspirators. Ruling on the admissibility of this evidence is deferred to trial.

**<u>Misleading Cell Phone Number Evidence</u>**

The Government intends to offer evidence that the Defendant gave the ATF investigating agent Gahn a cell phone number that the Defendant obtained after the subject burglary.[19] The Government maintains that the Defendant had a different cell phone number at the time of the offense; a number which he previously provided to Drew Howell, his probation officer, in April of 2012.[20] The Government argues that the Defendant deliberately concealed from Gahn the phone number he was using in April of 2012 at the time of the charged offense because he knew this number would link him to the burglary at the Gun Club.

The Defendant argues that this information is not 404(b) evidence as it "appears to be intrinsic to the Government's case in chief."[21] Defendant contends the relevance determination is more appropriately made at trial. The Court agrees.

The Fifth Circuit instructs that "'[o]ther act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were

---

[19] Rec. Doc. 44-2.
[20] Howell supervised the Defendant from 2011 - 2013 following his incarceration for a state court felony conviction.
[21] Rec. Doc. 44, p 2.

'necessary preliminaries' to the crime charged."[22] "Intrinsic evidence is admissible to 'complete the story of the crime by proving the immediate context of events in time and place,'[23] and to 'evaluate all of the circumstances under which the defendant acted.'"[24] "Intrinsic evidence does not implicate rule 404(b), and 'consideration of its admissibility pursuant to [that rule] is unnecessary.'"[25] Addressing post offense conduct by a defendant that "cover[s] the tracks of his earlier communications" are relevant to show consciousness of guilt and are intrinsic evidence of the offense.[26] If offered, the Court will determine the relevance and admissibility of the allegedly misleading phone number evidence at trial.

**Post Offense Disposition of Vehicle**

The Government has briefed[27] and provided notice[28] of its intent to offer evidence that the Defendant sold his GMC Yukon for $1000 in cash and $2000[29] in drugs 21 days after the Gun Club burglary as evidence of drug addiction and financial want. There is no pending motion to exclude this evidence and, thus, the Court declines to rule on the admissibility of this evidence.

---

[22] *U.S. v. Carillo*, 660 F.3d 914, 927 (5th Cir. 2011)(quoting *U.S. v. Williams*, 900 F2d 823, 825 (5th Cir. 1990).
[23] *Id.*, quoting *U.S. v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).
[24] *Id.*, quoting *U.S. v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989).
[25] *Id.*, quoting *U.S. v. Garcia*, 27 F.3d 1009, 1014 (5th Cir. 1994).
[26] *U.S. v. Murillo*, 234 F.3d 28, 31 (5th Cir. 2000).
[27] *Supplemental Opposition to Motion in Limine*, Rec. Doc. 47.
[28] March 27, 2014.
[29] The Government contends the sale was for $1,000 - $2000 in drugs. The Court understood Steve Snelling to testify that the sale was for $1000 in cash and $1000 in drugs. This distinction is of no consequence to the Court's rationale.

8

**Alternative Perpetrator Evidence**

The Government moves to exclude evidence of alternative perpetrators.[30] An individual known as L.M.[31] is posited by the Defendant as an alternative perpetrator based on the fact that L.M. was familiar with the Gun Club, had two prior convictions for simple burglary, had been recently fired from a job at Ace Logistics after items had gone missing from the Ace warehouse (though L.M. denied involvement), and the fact that L.M. had deleted text messages from the relevant time period from his cell phone. L.M.'s only nexus to the charged offense appears to be his familiarity with the Gun Club. The Government objects to the Defendant's reliance on prior bad acts of L.M. as a basis for positing L.M. as an alternative perpetrator. The Court has insufficient information to determine whether L.M. stole from Ace and, if so, if the theft was characteristically similar to the charged offense; what, if any, relationship L.M. shared with Dustin Ray; or the nature and extent of L.M.'s "familiarity" with the Gun Club. Additionally, the Court is concerned about the prejudicial effect of evidence of L.M's burglary convictions some nineteen years ago. However, in light of the Defendant's Constitutional right to present a defense and confront witnesses, the Court will permit the Defendant to present evidence regarding L.M. in a FRE 104 and 403 hearing to be conducted outside the presence of the jury at the time of trial.

The Defendant also points to G.H. as an alternative perpetrator. G.H. was a former manager of the Gun Club. On the night of the offense, G.H. knew the Gun Club's alarm was unarmed and that the back gate (used by the perpetrators) was unlocked. In

---

[30] Rec. Doc. 37.
[31] The Defendant's brief refers to "M.M." Rec. Doc. 48, p 3. However, the Government's brief refers to this individual as "L.M.", Rec. Doc. 50-1, pp 4, 7-8. At the hearing, counsel for Defendant referred to L.M. with respect to the facts surrounding this individual's possible involvement in the offense. The Court assumes the proper reference is L.M.

2013, while G.H was the manager of the Gun Club, some $20,000 - $40,000 worth of ammunition went missing. G.H. was never charged with the theft but it apparently cost him his job. Again, in light of the Defendant's Constitutional right to present a defense and confront witnesses, the Court will permit the Defendant to present evidence regarding G.H. in a FRE 104 and 403 hearing to be conducted outside the presence of the jury at the time of trial.

J.S., Dustin Ray's roommate and the person who assisted the Defendant and Ray in finding a buyer for one of the guns, is not sufficiently connected to the crime charged. "Although there is no doubt that a defendant has a right to attempt to establish his innocence by showing that someone else did the crime, a defendant still must show that his proffered evidence on the alleged alternative perpetrator is sufficient, on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the asserted 'alternative perpetrator'.[32] Evidence that J.S. may have been the actual perpetrator is more prejudicial and potentially confusing than probative of Defendant's innocence and will be excluded.

Likewise, P.A., a former owner of the Gun Club, who is in financial distress and who allegedly stole guns from members of the Gun Club when he was an owner, and P.A.'s son, S.A., who showed an interest in or curiosity about the charged offense are "so remote and lack such connection with the crime that they are excluded."[33]

---

[32] *U.S. v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007).
[33] *Holmes v. South Carolina*, 547 U.S. 319, 327 (2006).

**ACCORDINGLY**, Defendant's *Motion in Limine to Exclude Other Crimes, Statements, Wrongs or Bad Acts*[34] is GRANTED in part and DENIED in part as set forth herein.

Plaintiff's *Motion in Limine to Preclude Defendant from Offering Alternative Perpetrator Evidence*[35] is GRANTED as to J.S., P.A., and S.A. and DEFERRED to trial as to L.M. and G.H.

Defendant's *Second Motion in Limine to Exclude 404(b) Evidence*[36] is DENIED with respect to the work release evidence and DEFERRED to trial with respect to ruling on the admissibility of the evidence of drug use with co-conspirators and the misleading phone number evidence.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on May 30, 2014.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[34] Rec. Doc. 34.
[35] Rec. Doc. 37.
[36] Rec. Doc. 44.