UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 13-132-SDD-EWD |
| JOSEPH D. MELANCON | |

### RULING

This matter is before the Court on the Defendant's *Motion to Correct, Set Aside, Vacate an Illegal Sentence Pursuant to 28 U.S.C. 2255*.[1] The Government has filed an *Opposition*[2] to this motion. The Defendant essentially contends that, considering the recent Supreme Court decision in *Johnson v. United States*[3] regarding the residual clause of the Armed Career Criminal Act of 1984 (ACCA),[4] he was wrongfully sentenced to a 15-year mandatory prison term. For the reasons which follow, the motion shall be denied.

### I. BACKGROUND FACTS

On May 15, 2014, the Defendant, Joseph D. Melancon, was charged by a Third Superceding Indictment[5] with conspiracy to steal firearms, possess and sell firearms, and possess firearms by convicted felons (Count 1); stealing firearms from a licensed federal firearms dealer (Count 2); and possession of firearms by a convicted felon (Count 3). On

---

[1] Rec. Doc. No. 124.
[2] Rec. Doc. Nos. 128 & 131.
[3] 135 S.Ct. 2551 (June 26, 2015).
[4] 18 U.S.C. § 924(e).
[5] Rec. Doc. No. 58.
Document Number: 33638

June 19, 2014, a jury found the Defendant guilty on all three counts.[6] On January 8, 2015, the Defendant was sentenced to a term of 60 months on Count 1, 120 months on Count 2, and 180 months on Count 3 pursuant to the ACCA, all set to run concurrently.[7]

## II. ARMED CAREER CRIMINAL ACT AND *JOHNSON V. UNITED STATES*

The Defendant also contends that the Supreme Court's decision in *Johnson v. United States*[8] applies in this case and renders his sentence illegal. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. The Government contends that *Johnson* is inapplicable to Defendant's case because he was not sentenced under the residual clause of the ACCA but the enumerated offenses clause. As the Government pointed out, the Court did not strike the other provisions of the ACCA, including the "enumerated offenses" that precede the residual clause,[9] "or the remainder of the Act's definition of a violent felony.

The Court finds that *Johnson* does not foreclose Defendant's sentence because he was sentenced under the ACCA pursuant to prior convictions for one of the four enumerated offenses qualifying as violent felonies under the ACCA. At the sentencing hearing, the Court found that the Defendant had at least three prior burglary convictions which qualified as violent felonies under the Act.[10] In 1993, the Defendant was convicted of simple burglary in violation of La. R.S. § 14:62. Relying on the charging document, which established that the Defendant was convicted of entering a building or structure, the Court determined that the conviction met the definition of generic burglary and

---

[6] Rec. Doc. No. 82.
[7] Rec. Doc. No. 96.
[8] ⎯ U.S. ⎯, 135 S.Ct. 2551 (2015).
[9] 18 U.S.C. § 924(e)(2)(B)(ii).
[10] Rec. Doc. No. 113, pp. 11-13.
Document Number: 33638

constituted a violent felony.[11] In 1996, the Defendant was convicted of simple burglary of an inhabited dwelling in violation of La. R.S. § 14:62.2, which also meets the definition of generic burglary under Louisiana law. In 1999, the Defendant was convicted of five counts of simple burglary of an inhabited dwelling, which again, meets the definition of generic burglary and constitute violent felonies under the Act. The Fifth Circuit has held that simple burglary meets the generic definition of burglary and constitutes a violent felony.[12] Accordingly, because the Court found that the Defendant had at least three prior convictions that qualified as violent felonies under the enumerated offenses clause of the ACCA, the Defendant's sentence pursuant to 18 U.S.C. § 924(e)(1) was appropriate.

During the pendency of this motion, the Supreme Court decided *Mathis v. United States*,[13] wherein it held that a sentencing court may not employ the "modified categorical approach" when determining whether a defendant's earlier conviction under an indivisible statute, setting forth alternative means of committing the crime, could be counted as one of the qualifying generic offenses under 18 U.S.C. § 924(e), rendering the defendant eligible to be sentenced as an armed career criminal. Out of an abundance of caution, the Court ordered the Government to brief whether *Mathis* raised issues to be addressed in this motion. The Government complied with this order and set forth its position that *Mathis* is inapplicable in this case. The Court agrees.

The Louisiana statute proscribing burglary of an inhabited dwelling sets forth a single ("indivisible") set of elements defining that crime. This type of burglary is defined

---

[11] *Id.*
[12] *United States v. Bailentia*, 717 F.3d 448, 449-450 (5th Cir. 2013)(citing *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Hawley*, 516 F.3d 264, 269 (5th Cir.2008).
[13] 136 S.Ct. 2243 (2016).

Document Number: 33638

as "the unauthorized entering of any inhabited dwelling, house, apartment, or other structure used in whole or in part as a home or place of abode when the offender has the specific intent to commit a felony or theft therein."[14] The statute is indivisible because it defines a single crime with a single set of elements.

As for generic burglary, the elements are: (1) "an unlawful or unprivileged entry into, or remaining in," (2) "a building or other structure," (3) "with intent to commit a crime therein."[15] It is clear upon application of the "categorical approach" to La. R.S. 14:62.2, that the elements of the Louisiana crime of simple burglary of inhabited dwelling match those for generic burglary. The Defendant has three or more convictions for this particular crime, and *Mathis* is inapplicable to the resolution of this motion.

### III. CONCLUSION

For the reasons set forth above, the Court finds that the Defendant's *Motion to Correct, Set Aside, Vacate an Illegal Sentence Pursuant to 28 U.S.C. 2255*[16] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 29 day of September, 2016.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[14] La. R.S. 14:62.2.
[15] *Taylor v. United States*, 495 U.S. 575, 598 (1990).
[16] Rec. Doc. No. 124.
   Document Number: 33638