**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA** **CRIMINAL ACTION**

**VERSUS** **13-132-SDD-EWD**

**JOSEPH D. MELANCON**

**ORDER**

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)* filed by Defendant, Joseph D. Melancon ("Defendant").[1] The Government opposes this Motion, and Defendant has filed a reply.[2] For the following reasons, the motion is denied.

**Background**

Defendant is currently incarcerated at Lewisburg FCI in Lewisburg, Pennsylvania.[3] Defendant's projected release date is October 21, 2028. The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that lack of treatment for blood clots, pain he has experienced following a hernia surgery, and COVID-19 constitute "extraordinary and compelling" reasons to reduce his sentence.[4] He also argues he is entitled to a reduction due to his unusually long sentence.[5] Third, he argues that he is entitled to compassionate release due to his mother's medical conditions and her need for a caretaker.[6]

---

[1] R. Doc. 142. A second Motion for Compassionate Release was filed by Defendant, but it appears to be a copy of the first-filed Motion and will be denied for the same reasons. R. Doc. 150.
[2] R. Docs. 151 & 157.
[3] *See* BOP Inmate Locator at https://www.bop.gov/inmateloc (last visited September 9, 2026).
[4] R. Doc. 142.
[5] R. Doc. 142.
[6] R. Doc. 142.

## Compassionate Release

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"[7] Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request.[8]

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements ... that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[9] Extraordinary and compelling reasons include the defendant's medical circumstances, old age, family circumstances, whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually long sentence.[10]

For medical conditions to constitute a reason for release, they must be extraordinary and compelling, and "the court must also find that the condition is one that substantially diminishes the ability of the defendant to provide self-care within the

---

[7] *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).
[8] 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Though the Government argues failure to exhaust, the Court denies the Motion on the merits.
[9] *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. May 10, 2021) (quoting *Shkambi*, 993 F.3d at 391).
[10] *See* U.S.S.G. § 1B1.13(b).

environment of a correctional facility."[11] Defendant's blood clots and pain following hernia surgery do not constitute extraordinary and compelling reasons for release.[12] Additionally, Defendant has not demonstrated that these conditions substantially diminish his ability to provide self-care. Additionally, the existence of COVID-19 is no longer an extraordinary and compelling reason for release, even coupled with Defendant's medical conditions.[13] Accordingly, Defendant's medical circumstances do not constitute extraordinary and compelling reasons for release.

Regarding family circumstances, § 1B1.13(b)(3) provides, in pertinent part, that extraordinary and compelling reasons exist if the following circumstance exists: "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Defendant's own Motion demonstrates that he is not the "*only available*" caretaker for his elderly mother, as he admits his sister Jodi Snelling has been caring for their mother, albeit on a part-time basis.[14] Also, as noted by the Government, other family members exist who may help with the care of Defendant's mother.[15] Defendant has not carried his burden of demonstrating that he is the only available caregiver for his mother.[16] Further, as noted by the Government, extraordinary circumstances only exist under this provision when the prisoner's parent is

---

[11] *United States v. Batiste*, 2021 WL 878513, at *2 (E.D. La. March 9, 2021) citing U.S.S.G. § 1B1.13.
[12] *United States v. Montero*, 842 F. App'x 1007, 1009 (6th Cir. 2021) (blood clotting insufficient); *see also United States v. Keys*, No. 20-12318, 2021 WL 3012657, at *1–3 (11th Cir. July 16, 2021) (finding that poor circulation, asthma, emphysema, cataracts, and blood clots were not sufficiently serious or debilitating to justify a reduced sentence).
[13] *United States v. Dixon*, 2021 WL 2315193, at *2 (N.D. Ohio June 7, 2021) (Adams, J.) (in light of the sharply declining positive rate in BOP facilities and the number of vaccinations, "the Court can no longer find that the COVID-19 pandemic can be relied upon to demonstrate extraordinary and compelling reasons.").
[14] R. Doc. 142, p. 4.
[15] R. Doc. 151, p. 12. The ability of these family members to care for Defendant's mother was not addressed in Defendant's Reply. R. Doc. 157.
[16] *United States v. Zermeno*, 2024 WL 4043445, at *5 (E.D. Tex. Sept. 3, 2024) (noting the evidence required to demonstrate a defendant is the only available caregiver).

"incapacitated," which has been defined to mean that the parent "cannot carry any self-care and is totally confined to a bed or chair."[17] The medical records do not support the assertion that Defendant's mother is entirely bedridden, and the Court is unconvinced that the need to care for Defendant's mother constitutes an extraordinary and compelling reason for release.

Finally, Defendant's sentence is not unusually long. The top of the guideline's recommended range was 293 months, yet he was only sentenced to 180 months, the minimum sentence mandated by congress.[18]

Even if a defendant demonstrates extraordinary and compelling reasons warranting release, the Court must still consider the § 3553(a) sentencing factors to determine if release is appropriate.[19] Because the § 3553(a) factors must independently support a sentencing reduction, if those factors do not support a reduction, then Defendant's request fails, even if he has demonstrated extraordinary and compelling reasons.[20] Here, consideration of the § 3553(a) factors independently dictate that Defendant's request be denied.

The factors the Court has considered in making this determination are as follows:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
>> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> **(B)** to afford adequate deterrence to criminal conduct;
>> **(C)** to protect the public from further crimes of the defendant; and

[17] *United States v. Zermeno*, 2024 WL 4043445, at *4 (E.D. Tex. Sept. 3, 2024).
[18] R. Doc. 113, pp. 16 & 36.
[19] *Shkambi*, 993 F.3d at 393 ("[t]he district court…is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").
[20] The § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. 2022) (citing *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020)).

> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner….[21]

The § 3553(a) factors dictate against release considering Defendant's lengthy criminal history and his continued refusal to accept responsibility for his crimes.[22] Defendant has engaged in criminal activity that jeopardizes the safety of law enforcement, individuals, and the public at large. Reducing Defendant's sentence, especially considering that at the outset, the lowest possible sentence was imposed, would not reflect the seriousness of the offenses, promote respect for the law, or provide just punishment. Accordingly,

**Conclusion**

**IT IS ORDERED** that the Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018 filed by Defendant, Joseph D. Melancon, is **DENIED**.[23]

**IT IS FURTHER ORDERED** that duplicative Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) is also **DENIED**.[24]

Signed in Baton Rouge, Louisiana, on September 14, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] 18 U.S.C. § 3553(a); *United States v. Bolton*, No. 09-166, 2024 WL 1966448, at *9 (E.D. La. May 3, 2024).
[22] R. Docs. 88 & 142.
[23] R. Doc. 142.
[24] R. Doc. 150.